## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SIMONE SIBLEY** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **NATIONAL CHURCH RESIDENCES** | * | **MAGISTRATE JUDGE:** |
| **D/B/A WESTMINSTER APARTMENTS** | * | |
| **PLACE AND JAMES RIVER** | * | **JURY DEMAND** |
| **INSURANCE COMPANY** | * | |
| | * | |

*********************************************************************************

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE, defendants, National Church Residences d/b/a Westminster Apartments Place and James River Insurance Company (collectively "Defendants"), by and through undersigned counsel, hereby submit this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of this removal, Defendants respectfully aver as follows:

### BACKGROUND

I.

On September 16, 2020, plaintiff, Simone Sibley, ("Plaintiff") filed a Petition for Damages entitled "*Simone Sibley versus National Church Residences d/b/a Westminster Apartments Place and James River Insurance Company*" bearing suit number 2020-2475, in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[1]

---

[1] See Plaintiff's Petition for Damages, attached as "Exhibit A."

II.

Plaintiff asserted personal injury claims arising out of an alleged slip and fall accident that occurred on June 18, 2019. Plaintiff alleges that she was a guest of defendant, National Church Residences d/b/a Westminster Apartments Place, located at 250 1st Street, Ponchatoula, Louisiana, when she slipped and fell in the parking lot, causing her serious injuries.[2]

III.

National Church Residences was served with a certified copy of the Petition for damages on October 2, 2020.[3]

IV.

James River was served with the Petition for Damages on October 9, 2020.[4]

## DIVERSITY OF CITIZENSHIP

V.

Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete diversity of citizenship among the Plaintiff and properly joined and served defendants.

VI.

The Petition alleges that Plaintiff is a resident of Tangipahoa Parish in the State of Louisiana. Accordingly, Plaintiff is considered a citizen of Louisiana for the purposes of diversity jurisdiction.

VII.

National Church Residences is a non-profit corporation organized under the laws of the

---

[2] *See* Ex. A.
[3] *See* Citation of Service, attached hereto as "Exhibit B."
[4] *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La.2001) (holding that the 30-day clock does not run until insurer "actually received the plaintiffs' petition" regardless of when statutory agent was served); *see also* Citation of Service and receipt documentation, attached as "Exhibit C."

State of Ohio with its principal place of business in Ohio. Accordingly, National Church Residences is a citizen of Ohio for the purposes of diversity jurisdiction.

VIII.

James River Insurance Company is a foreign insurer licensed to do and doing business in the State of Louisiana. James River is incorporated in the State of Ohio with its principal place of business in the State of Virginia. Accordingly, James River is a citizen of Ohio and Virginia for the purposes of diversity jurisdiction.

IX.

Based on the face of the Petition, complete diversity exists between the parties in accordance with 28 USCA §1332.

**AMOUNT IN CONTROVERSY**

X.

Regarding the requisite amount in controversy requirement for diversity jurisdiction, Plaintiff's Petition does not include a specific quantum of damages or provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction.

XI.

However, Plaintiff alleges in her Petition that she sustained the following: "injuries to the neck, lower back and both knees, including surgery to repair a torn anterior cruciate ligament and posterior cruciate ligament, with other injuries to the entirety of her body."[5] Defendants have confirmed with Plaintiff's counsel and through plaintiff's medical records that she ultimately underwent knee surgery in July 2020.

---

[5] *Id.* at para. V1.

XII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal."[6]  Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."[7]

XIII.

Removal based on a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[8]

XIV.

On October 8, 2020, plaintiff's counsel provided undersigned counsel with medical billing records demonstrating the knee surgery plaintiff underwent in July 2020, cost approximately $151,000.00.[9]

XV.

Given the extent of the claimed injuries and the medical treatment received to date, the amount in controversy is sufficient to satisfy federal diversity jurisdiction. Even without the consideration of general damages, Plaintiff's special damages alone exceed $75,000 already and

---

[6] 28 U.S.C. §1446(b).
[7] *Id*; see also *Ashley v. Apollo Marine Specialties, Inc.*, No. CV 04-1109, 2005 WL 8174016, at *1 (E.D. La. Mar. 31, 2005).
[8] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[9] *See* pertinent medical records provided by Plaintiff's counsel on October 8, 2020, attached hereto as "Exhibit D."

according to her counsel, she has not completed treatment.

XVI.

Accordingly, based on Plaintiff's claimed injuries and known medical treatment to date, the amount in controversy for the claims of Plaintiff exceeds the $75,000.00 jurisdictional limit for a diversity case.

**REMOVAL IS PROPER**

XVII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal."  Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants were first provided Plaintiff's medical expenses from a surgery she attributes to the incident alleged in her Petition for Damages on October 8, 2020. Defendants removed this matter within 30 days of receipt of these documents, and within one year of this suit being filed.  Accordingly, the instant removal is timely.

XVIII.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XIX.

Since there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XX.

Defendants have good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, defendants, National Church Residences d/b/a Westminster Apartments Place and James River Insurance Company (collectively "Defendants"), pray that the above-entitled cause on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

*/s/ Sarah M. Kalis*
Paula M. Wellons, La. Bar No. 19028
     pwellons@twpdlaw.com
Sarah M. Kalis, La. Bar No. 37186
     skalis@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone:  (504) 525-9888
Facsimile:  (504) 525-9899

*Counsel for National Church Residences d/b/a Westminster Apartments Place and James River Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 6th day of November, 2020.

*/s/ Sarah M. Kalis*
TAYLOR, WELLONS, POLITZ & DUHE, APLC